UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CRISTINA ARROYO, | : | CIVIL CASE NO. |
|     PLAINTIFF, | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF BRIDGEPORT, | : | |
|     DEFENDANT. | : | JUNE 29, 2021 |

## COMPLAINT

**I.  PRELIMINARY STATEMENT**

1. This action is brought against the defendant, City of Bridgeport, pursuant to Title VII of the Civil Rights Act of 1964, as amended, in which the plaintiff seeks declaratory, injunctive and equitable relief, and compensatory damages, and costs and attorney fees for the unlawful gender discrimination suffered by the plaintiff when the defendant suspended her without pay from her employment as a police officer in the Bridgeport Police Department.

2. Additionally, this action is brought against the defendant, City of Bridgeport, pursuant to the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-58 et seq. in which the plaintiff seeks declaratory, injunctive and equitable relief, and compensatory damages, and costs and attorney fees for the unlawful gender discrimination suffered by the plaintiff when the defendant

1

suspended her without pay from her employment as a police officer in the Bridgeport Police Department.

## II. JURISDICTION

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4. Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1343(a)(3), Title 28 U.S.C. § 1343(a)(4), Title 28 U.S.C. § 1367, Title 28 U.S.C. § 2201(a), and Title 42 U.S.C. §2000e-5(f).

5. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

   a. A charge of employment discrimination on the basis of gender was filed on or about July 18, 2019, with the United States Equal Employment Opportunity Commission, and the State of Connecticut Commission on Human Rights and Opportunities which filings were within 300 days of the commission of the unlawful employment practice alleged therein;

   b. On June 7, 2021, the plaintiff was issued a "Dismissal and Notice of Rights" by the United States Equal Employment Opportunity Commission. *Exhibit 1.*

c. On May 29, 2021, the plaintiff was issued a "Release of Jurisdiction" by the State of Connecticut Commission on Human Rights and Opportunities. *Exhibit 2.*

6. Declaratory, injunctive, compensatory and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g). Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a.

7. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), and Title 42 U.S.C. §1988.

## III. VENUE

8. This action properly lies in the District of Connecticut pursuant to Title 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practice of which the plaintiff complains was committed in this judicial district, and the defendant is a political subdivision of the state of Connecticut and is located within the geographical boundaries of the district of Connecticut.

## IV. PARTIES

9. The plaintiff is a female citizen of the United States.

10. The defendant, city of Bridgeport, is a municipal corporation organized and existing under the laws of the state of Connecticut.

11. The defendant, city of Bridgeport, employs 15 or more employees.

12. The defendant, city of Bridgeport, is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

13. The defendant, city of Bridgeport, is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

V. **STATEMENT OF FACTS**

14. On July 9, 2007, the defendant hired the plaintiff to serve as a police officer in the Bridgeport Police Department.

15. On March 13, 2019, the defendant suspended the plaintiff's employment without pay for three months.

16. At the time of her suspension, the plaintiff was a permanent member of the Bridgeport Police Department serving in the position of police officer.

17. Throughout her employment as a police officer with the defendant, the plaintiff had a competent work record.

18. Throughout her employment with the defendant as a police officer, the plaintiff had an unblemished disciplinary record.

19. The defendant suspended the plaintiff's employment because it falsely claimed that the plaintiff had violated various Bridgeport Police Department rules and regulations relating to the apprehension of a suspect on November 10, 2017.

20. The plaintiff performed her police obligations in the apprehension of the individual in a thoroughly professional manner employing only the force necessary to subdue the resisting detainee.

21. The charges that the defendant filed against the plaintiff were contrived; she was made a scapegoat to placate hostile public opinion over the defendant's failure to discipline officers who had committed serious violations of the police department's rules and regulations.

22. The punishment exacted on the plaintiff far exceeded the punishment imposed by the defendant on similarly situated male officers.

23. Similarly situated male employees who had been convicted of crimes, including crimes of violence, have not been suspended by the defendant for the length of time that the plaintiff has been suspended.

24. Similarly situated male employees, who have committed violations of departmental rules and regulations, comparable and, in other cases, more serious than the plaintiff's alleged violations, have not been suspended by the defendant for the length of time that the plaintiff has been suspended.

25. Similarly situated male employees, who have been charged with lying to their superior officers, have not been suspended by the defendant for the length of time that the plaintiff has been suspended.

26. Other similarly situated officers, who were knowledgeable of the criminal violations of their co-workers, and failed to report such conduct to their superiors, have not been suspended by the defendant for the length of time that the plaintiff has been suspended, even though their violations of department rules and regulations were as serious, if not more serious, than the claimed violations committed by the plaintiff.

27. The following male officers committed more serious violations than the plaintiff, and were not suspended by the defendant for the amount of time that the plaintiff has been suspended:

    a. Officers Ferrao, Kristy, and Waehler, were aware of the conduct of an off-duty police officer involved in a hit and run accident, while under the influence of alcohol, and failed to report such misconduct;

    b. Officer Jose Sepulveda was criminally charged with first degree threatening, first degree criminal mischief and second degree breach of peace for threatening to kill his former girlfriend, while displaying his service revolver, and was not suspended by the defendant for the amount of time that the plaintiff has been suspended;

    c. Officer Paul Cari pled guilty to criminal charges of threatening in the second degree, and breach of peace in the second degree, receiving sentences of 1 Year Jail, Execution Suspended, Conditional Discharge 2 Years, and 6

        Months Jail, Execution Suspended, Conditional Discharge 2 Years, and was not suspended by the defendant for the amount of time that the plaintiff has been suspended;

    d.    Sgt. Pasquale Feola was accused of soliciting sex from a woman after he pulled her over for a traffic stop, and was not suspended by the defendant for the amount of time that the plaintiff has been suspended;

    e.    Detective David Garcia was found to have violated department rules when he sent graphic, obscene, repulsive text messages to the victim of a crime of which he was investigating and was not suspended by the defendant for the amount of time that the plaintiff has been suspended;

    f.    Police Officer Steven Figueroa had been arrested for domestic violence on three different occasions by three separate police departments, and the defendant only disciplined with a punishment in excess of three months suspension when he was arrested by the Shelton police officers for sexual assault.

28.    The Bridgeport Police Department has a demonstrable history of punishing female police officers more harshly than male police officers for similar violation of department rules and regulations.

29. In an arbitration award in the case of City of Bridgeport and AFSCME, Council # 15, Case No. 12 390 00660 10, the arbitrator hearing the matter specifically held that the City of Bridgeport was palpably guilty of blatant gender discrimination when it had terminated the employment of a female police officer, while allowing four male officers, whose conduct was just as deficient as the female officer, to keep their employment as police officers.

30. The defendant does not have a legitimate, non-discriminatory reason for treating the plaintiff more harshly than it treated similarly situated male officers.

31. The plaintiff has suffered financially as a result of the defendant's discriminatory conduct.

32. The plaintiff has suffered emotional distress as a result of the defendant's discriminatory conduct.

## VI. FIRST CAUSE OF ACTION (VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

33-64. The plaintiff incorporates as if re-alleged paragraphs 1 through 32.

65. The defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended when it suspended the plaintiff without pay from her position as a police officer, treating her more harshly than the manner in which it treated similarly situated male police officers.

66. The plaintiff is now and will continue to suffer emotional distress as a direct result of the defendant's gender discrimination.

67. The defendant was motivated by the plaintiff's gender when it suspended her employment without pay as a police officer.

68. Because the plaintiff's gender was a motivating factor and made a difference in the decision by the defendant to suspend the plaintiff without pay from her employment as a police officer, the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

69. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

70. The defendant intentionally engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, by suspending her without pay from her employment as a police officer, and treating her more harshly than the manner in which it treated similarly situated male police officers.

71. As a result of the unlawful act of the defendant, which violated the express provisions of Title VII of the Civil Rights Act of 1964, as amended, the plaintiff has suffered economic losses.

72. As a result of the unlawful act of the defendant, which violated the express provisions of Title VII of the Civil Rights Act of 1964, as amended, the plaintiff has suffered emotional distress.

### VII. SECOND CAUSE OF ACTION (Violation of Connecticut Fair Employment Practices Act)

73-104. The plaintiff incorporates as if re-alleged paragraphs 1 through 32.

105. The defendant discriminated against the plaintiff on the basis of her gender in violation of the Connecticut Fair Employment Practices Act when it suspended the plaintiff without pay from her position as a police officer, treating her more harshly than the manner in which it treated similarly situated male police officers.

106. The defendant engaged in gender discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under the provisions of the Connecticut Fair Employment Practices Act.

107. The defendant's suspension of the plaintiff's employment without pay constitutes unlawful gender discrimination.

108. The plaintiff has suffered and will continue to suffer pecuniary losses as a direct result of the defendant's gender discrimination.

109. The plaintiff has suffered severe emotional distress as a direct result of the defendant's gender discrimination.

### VIII.   PRAYER FOR RELIEF (As to All Counts)

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

As to the First Cause of Action:

(a) Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

(b) Enjoin the defendant from engaging in such conduct;

(c) Award plaintiff the equitable relief of back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

(d) Award the plaintiff the equitable relief of reinstatement to her former employment;

(e) Award plaintiff compensatory damages;

(f) Award plaintiff her costs and attorney fees; and

(g) Grant such other and further relief as the Court may deem just and proper.

As to the Second Cause of Action:

(a) Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

(b) Enjoin the defendant from engaging in such conduct;

(c) Award plaintiff the equitable relief of back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

(d) Award the plaintiff the equitable relief of reinstatement to her former employment;

(e) Award plaintiff compensatory and punitive damages;

(f) Award plaintiff her costs and attorney fees; and

(g) Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – CRISTINA ARROYO

BY /s/ Thomas W. Bucci
 Thomas W. Bucci
 Fed. Bar #ct07805
 WILLINGER, WILLINGER & BUCCI, P.C.
 1000 Bridgeport Avenue, Suite 501
 Shelton, CT  06484
 Tel: (203) 366-3939
 Fax: (475) 269-2907
 Email: tbucci@wwblaw.com



EEOC Form 161 (11/2020)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Cristina Arroyo
35 Carriage Path North
Milford, CT 06460

From: Boston Area Office
John F. Kennedy Fed Bldg
15 New Sudbury Street, Room 475
Boston, MA 02203

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2019-01498 | Amon L. Kinsey, Jr., Supervisory Investigator | (617) 865-3672 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*    Charging Party is pursuing claims in another forum.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*                                        June 7, 2021

Enclosures(s)

Feng K. An,
Area Office Director                                 *(Date Issued)*

cc:
CITY OF BRIDGEPORT
45 Lyon Terrace
Bridgeport, CT 06604

Thomas W. Bucci
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604

**PLAINTIFF'S EXHIBIT 2**

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Cristina Arroyo
**COMPLAINANT**

vs.

City of Bridgeport
**RESPONDENT**

CHRO No. 2020033

EEOC No. 16A-2019-01498

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*

**DATE:** May 29, 2021                Tanya A. Hughes, Executive Director

cc: **Complainant**: Cristina Arroyo (Via Email-arroyoc177@gmail.com)
**Complainant's Attorney**: Thomas W. Bucci, Esq. (Via Email – tbucci@wwblaw.com)
(Via Email – michael@mcminnemploymentlaw.com)
**Respondent's Attorney**: John R. Mitola, Esq. (Via Email – john.mitola@bridgeportct.gov)